**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDDIE MONTOYA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LORRAINE MURPHY,<br><br>　　　　Defendant. | Case No.: 1:18-cv-01030-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION AS DUPLICATIVE<br><br>[ECF No. 1] |

　　　　Plaintiff Freddie Montoya is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in the United States District Court for the Eastern District of California, Sacramento Division on July 26, 2018. On July 31, 2018, the action transferred to this Court. Plaintiff's complaint is currently before the Court for screening. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by individuals who are proceeding in forma pauperis. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

Since the statute does not define "frivolous or malicious," the federal courts have uniformly agreed that, at a minimum, a malicious lawsuit is one that is duplicative of another pending federal lawsuit involving the same plaintiff. See, e.g., Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988); McWilliams v. Colorado, 121 F.3d 573 (10th Cir. 1997) (affirming dismissal of § 1983 complaint as frivolous where it duplicated a prior federal lawsuit); Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993) (affirming dismissal of duplicative complaint under pre-PLRA version of 28 U.S.C. § 1915(e)); Murillo v. Taylor, Case No. 14cv876-WQH (WVG), 2015 WL 4488060, at *15-16 (S.D. Cal. July 22, 2015); Meadows v. Woods, 156 F.R.D. 165, 166 (W.D. Tenn. 1994) (dismissing complaint as frivolous under pre-PLRA version of 28 U.S.C. § 1915(e)). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under section 1915. Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing Bailey, 846 F.2d at 1021). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the "comprehensive disposition of litigation." Adams v. California, 487 F.3d 684, 692-94 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names parole agent Lorraine Murphy and Warden of the California Correctional Institution (CCI), Tehachapi as Defendants.

Plaintiff contends Lorraine Murphy entered the wrong penal code number in her state owned computer that caused Plaintiff to be stabbed at CCI. As a result of the stabbing, Plaintiff is permanently handicapped.

Plaintiff seeks compensatory and punitive damages.

///
///
///
///
///

**III.**

**DISCUSSION**

**A.     Dismissal as Duplicative**

In order to determine whether cases are duplicative, the Court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. California, 487 F.3d at 689.

The Court takes judicial notice of the fact that Plaintiff has another pending action in this Court in case number 1:18-cv-00060-BAM (PC), Montoya v. Murphy, et.al. (E.D. Cal. filed Jan. 5, 2018) (Montoya I). For the reasons explained below, the Court finds that the present action is duplicative of case number 1:18-cv-00060-BAM (PC) and must be dismissed.

In Montoya I, Plaintiff names both parole agent Lorraine Murphy and Warden of CCI as Defendants.[1] On July 10, 2018, the Court screened Montoya I, found Plaintiff failed to state a cognizable claim for relief, and granted leave to amend. Plaintiff's amended complaint is currently due on or before August 9, 2018. One of Plaintiff's claims in Montoya I was that "Parole Agent Murphy failed to proofread the information she entered into her state-owned computer" because "[s]he reportedly entered a penal code section that did not apply to Plaintiff and which caused him to be stabbed multiple times, leaving him permanently handicapped. (Screening Order, ECF No. 16 at 2:22-25.) Plaintiff attached some of the same exhibits as those attached to the present complaint. It is clear that the two actions arise out of the same nucleus of facts. Both actions involve the claim that he was subjected to cruel and unusual punishment because Lorraine Murphy entered the wrong penal code which resulted in injury to Plaintiff. In addition, Plaintiff seeks monetary damages in both actions. Therefore, because the two actions share the same cause of action and parties, Plaintiff's instant action is duplicative of Montoya I and must be dismissed with prejudice. Adams, 487 F.3d at 692 (finding no abuse of discretion for dismissing the later-filed complaint with prejudice).

///

///

---

[1] Plaintiff also names correctional officers Scott and Decord.

**IV.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed with prejudice; and

2. The Clerk of Court is directed to randomly assign a District Judge to this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 2, 2018**

UNITED STATES MAGISTRATE JUDGE